THOMAS H. ALLEN ET AL. *v.* UNION & PLANTERS' BANK.

> 72   549
> s77   443
> e77   449

1. ASSIGNMENT FOR CREDITORS. *Subsequent composition. Bill to vacate. Parties.*

    A firm made an assignment for creditors, and, in aid thereof, a partner conveyed his individual land. Subsequently nine-tenths in amount of the firm's creditors signed a composition agreement, pursuant to which a like proportion of the assets were returned to the assignors, who gave extension notes. Failing to pay these, they reassigned the unsold assets to the assignee. Thereupon a creditor of the firm filed a bill against the assignee and the partner conveying his land, to subject it, on the ground that the dealings between the parties under the composition agreement was a revocation of the assignment and the deed, and, construed with them, made them fraudulent and void. *Held:* That all the firm creditors were necessary parties—those assenting, because, in the composition and dealings thereunder, the assignee was not their representative; those not assenting, because the assignee ceased to be their representative under the assignment by returning the property.

2. SAME. *Validity. Evidence. Subsequent acts.*

    A subsequent composition agreement, and the dealings of the parties thereunder, cannot be considered in determining the validity of an assignment and a deed in aid thereof. *English* v. *Friedman*, 70 Miss., 457.

FROM the chancery court of Coahoma county.

HON. W. R. TRIGG, Chancellor.

The case is stated in the opinion.

*D. A. Scott* and *Smith & Trezevant*, for appellants.

The composition agreement and what was done under it cannot vitiate the assignment and deed. The only fraud which will vitiate an assignment is fraud in its concoction. Bump on Fraudulent Conveyances, 352; Burrill on Assignments, 351; 1 Am. & Eng. Enc. L., 689; 80 Mo., 276; *English* v. *Friedman*, 70 Miss., 457. An assignment, once delivered, creates a

trust, and cannot be revoked by the assignor or by the joint act of the assignor and assignee. Bump, 331; 6 Barb., 94; 13 Pa. St., 589; 88 *Ib.*, 167.

*St. John Waddell*, for appellee.

*Johnston & Johnston*, on the same side.

If the trustee does not stand as the representative of all the creditors, they themselves can be brought in by proper process. The only effect is that they are not bound by the decree, and a sale under it would not affect their rights and equities. In this view the decree should be affirmed. If the court should be of opinion that the rights of nonjoining creditors should be fixed, the cause should be remanded, that they may be brought in and an accounting had.

Argued orally by *M. B. Trezevant*, for appellants, and *St. John Waddell*, for appellee.

WHITFIELD, J., delivered the opinion of the court.

Thomas H. Allen & Co. made a partial assignment November 25, 1890, to M. B. Trezevant, for the benefit of their firm creditors, including certain lands, the separate property of Thomas H. Allen, Sr. On the same day, Thomas H. Allen made a supplemental deed conveying this land to said Trezevant, such deed being made in pursuance of said assignment and to make the same effective as to this land. On the twentieth of December, 1890, a composition was agreed to by nine-tenths of the creditors, whereby the debts were to be put into notes due in six, twelve, eighteen, and twenty-four months, and the assignee was to return the personal assets to the assignors, on the theory that they could make more out of said assets for the creditors than anyone else. This composition agreement was signed by nine-tenths of the creditors—the other tenth not being parties to it and the assignee not being a party to it—and all the personal assets, except an estimated

tenth part thereof reserved for the one-tenth not signing, were accordingly returned by the assignee to the assignors. The assignors met one note, failed to meet the second, falling due in December, 1891, and reassigned the unsold assets to Peters and Trezevant for the benefit of firm creditors. On July 29, 1891, the appellee filed an original bill in the chancery court at Memphis against Thomas H. Allen, as indorsee of John D. Adams, praying simply judgment for the debt. On March 3, 1892, it filed an amended bill assailing the assignment made November 25, 1890, as fraudulent and void, on the specific ground, as alleged, that it was fraudulent because it conveyed individual property of Thomas H. Allen, Sr., in payment of the firm debts, and reciting that it did not "seek to attack said assignment further than was necessary for the purpose of securing out of the individual estate of Thomas H. Allen the payment of the debts aforesaid," etc. Thomas H. Allen and M. B. Trezevant, assignee, were made parties defendant to this bill. The chancery court granted the relief prayed in the original bill, but denied relief on the amended bill; and, on appeal from this action on the amended bill, the supreme court of Tennessee affirmed the decree, on the ground, expressly recited, that the deed of assignment was "made for the exclusive benefit of the creditors of the said firm, and that the complainant was not such creditor, but was only the separate creditor of Thomas H. Allen, and was not entitled to share in any of the benefits of said fund," etc.

On July 2, 1892, the complainant, appellee, filed a bill in the chancery court of Coahoma county, Mississippi, seeking to subject a note for the purchase money of land, due by B. B. Waddell to Thos. H. Allen, Sr. A decree was entered below against appellee on this issue, and it prosecutes a cross appeal.

On July 25, 1892, the appellee filed in said chancery court of Coahoma county an amended bill, making Thos. H. Allen, Sr., and M. B. Trezevant, the assignee, parties defendant (Trezevant being also the trustee in the separate deed executed by

Thos. H. Allen, Sr., on the lands, the separate property of Mr. Allen), attaching certain lands in Bolivar county,, on the ground, chiefly, that the return of nine-tenths of the personal assets to the assignors, under the composition agreement, and the extension of the time of the payment of the debts till December 20, 1892, operated a revocation of the assignment and the deed in aid thereof, reclothed Thos. H. Allen & Co. with the absolute dominion over their property, and that the assignment and said deed in aid and · the composition agreement, being, as is contended, all parts of one transaction, and, in legal contemplation, one instrument, such dealing with said assigned property under said composition agreement made the original assignment and deed in aid thereof fraudulent and void, and subjected the property to attachment; and appellee obtained a decree below in accordance with this view, and from this decree appellants have prosecuted this appeal.   To this bill Thos. H. Allen, Sr., and M. B. Trezevant, assignee, were made defendants, but neither the one-tenth of the firm creditors who did not sign the composition agreement nor those creditors who did sign it are made parties, and it will be remembered that the assignee never signed it.   This statement of the case is sufficient to explain the view taken by us.

So far as the cross appeal is concerned, it is sufficient to say that the action of the chancellor on the facts in the record touching that issue is correct, and it is affirmed.

So far as the decree of the chancery court in Memphis, on the appellee's amended bill, is concerned, it presents a wholly distinct issue from that presented by this bill, and that decree is not *res adjudicata* of this controversy.

Coming to the amended bill filed in this case, we think it is clear that both the nine-tenths of the creditors who did assent to the composition agreement and the one-tenth who did not, should have been parties defendant to this bill.

First, as to the one-tenth who did not sign.   They claim under the original assignment and deed in aid thereof, and

stand, so far as this record discloses, upon their strict legal rights. Those rights are directly affected by any decree to be rendered on the prayer of this bill. The original assignment, and the deed in aid of it, executed by Thomas H. Allen, Sr., on lands which were his separate property, are instruments wholly separate and distinct from the composition agreement, and are to be upheld or overthrown accordingly as they were, or not, at the time they were made, valid on their face, or as viewed in the light of facts then existing *dehors* such instruments, and not by what was done subsequently. *English* v. *Friedman*, 70 Miss., 457; *Mackellar* v. *Pillsbury*, 48 Minn., 399. There is no "identity of transaction" (Burrill on Assignments, 6th ed., sec. 324) between the assignment and aiding deed and the composition agreement. So far from the composition agreement "effecting the same result" with that sought to be accomplished by the assignment and deed in aid of it, as they were originally framed, its purpose is just the opposite— to revoke and annul it. To this amended bill seeking to annul and set aside the assignment and deed in aid of it, it is too clear for argument that the creditors not consenting to said composition agreement were necessary parties. This is put at rest by the following authorities: *Stout* v. *Higbee's Ex'rs*, 4 J. J. Marshall, 633; 2 Perry on Trusts, sec. 883; *Fell* v. *Brown*, 2 Brown's Ch. R., 218; *Mackellar* v. *Pillsbury*, 48 Minn., 399; *Willats* v. *Busby*, 5 Beavan, 193 (an instructive case).

As to the assenting creditors, the general rule undoubtedly is that "where the complainant claims in opposition to the assignment or deed of trust, and seeks to set it aside on the ground that it is fraudulent and void, he is at liberty to proceed against the fraudulent assignee or trustee who is the holder of the legal estate in the property, without joining the *cestui que trust*," as laid down in *Rogers* v. *Rogers*, 3 Paige's Ch. R., 379; but, as there stated, there are exceptions to this rule.

The amended bill does not seek to avoid the assignment and deed by reason of anything appearing on the face of either as

originally written, nor yet by reason of anything existing at
the time of their execution, *dehors* the instruments, to be shown
by proof *aliunde* the instruments.    If it did, the general rule
would apply.    But it distinctly puts the assault upon the as-
signment and deed in aid of it, upon the ground, specifically
pleaded and argued as the one chief thing entitling appellee to
relief, that, by virtue of the conduct and dealing of the assign-
ors, assignee and assenting creditors with the assigned property
subsequently to the execution of the assignment and deed in
aid of it, and under and by virtue alone of said composition
agreement, wholly distinct and separate from said assignment
and deed, the assignment and deed, if originally valid, were
revoked and annulled, and the assignors, by this conduct and
dealing—authorized, directed and throughout freely partici-
pated in by the assenting creditors—placed in absolute dominion
of all the assigned property, in fraud of appellee's rights.    Ap-
pellee does not assail the assignment and deed as originally exe-
cuted for any cause.    He seeks to subject the property because
of the composition agreement and the dealing with the property
under it by the assenting creditors among others.    So far as these
assenting creditors are concerned, as to this composition agree-
ment and the dealing with the assigned property thereunder by
them, the assignee does not represent them, and could not.
They are directly responsible for such dealing and its conse-
quences, if illegal and fraudulent—as to which we now express
no opinion—outside of and independently of the assignment, by
virtue of their said conduct and dealing with the property.
The assignee, as to this, in no sense represents them, and in
this case he did not sign the composition agreement even; and
the return of the property to the assignors by the assignee was
in obedience to the instructions of said assenting creditors.
Any decree rendered in the present state of the pleadings would
not bind the assenting creditors, not parties, directly or by rep-
resentation through the assignee, in the only view under which
appellee could be heard to complain—to wit, that, not by reason

of any invalidity originally in the assignment or deed, but solely by reason of said composition agreement and the said conduct and dealing with the property assigned thereunder, he has the right to subject the property in controversy. We have most carefully considered this proposition, and refer to the authorities cited as conclusively sustaining the view announced on the case made by this record. *Masson* v. *Anderson*, 59 Tenn., 290; *Billups* v. *Sears*, 5 Grat., 31; *Jesse* v. *Bennett*, 6 De Gex, M. & G., 607; Perry on Trusts, vol. 2, § 884.

The decree on the cross appeal is affirmed. The decree on the direct appeal is reversed, and the cause remanded, with leave to amend the pleadings in conformity with this opinion.

*Decree accordingly.*